## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

BASEEM MISSAGHI, individually
and on behalf of all others similarly situated,

*Plaintiff*,

v.

BLOCKBUSTER L.L.C.,

*Defendant*.

Civil File No. 11-cv-02559-JRT-JSM

**MOTION TO DISMISS**

Defendant BLOCKBUSTER L.L.C. ("Defendant" or "New BB") moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Class Action Complaint in this action on the ground that Plaintiff Baseem Missaghi ("Plaintiff") fails to state a claim against Defendant on which relief can be granted.  In support of its Motion to Dismiss, Defendant states as follows:

1.	Plaintiff's single cause of action against New BB, alleging a violation of subsection (e) of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), cannot stand.  Plaintiff's VPPA claim is based on alleged conduct *by an entirely different entity*, Blockbuster, Inc. ("Old BB").  Plaintiff claims that Old BB was required to destroy Plaintiff's personally identifiable information before September 2006 – one year from the date that he purportedly cancelled his Blockbuster subscription.  That claim, if it ever existed, was extinguished by the Bankruptcy Court for the Southern District of New York

(the "Bankruptcy Court") vis-à-vis New BB when it ordered the sale of Old BB's assets, including customer records, free and clear of any such claims.

2.  Plaintiff's VPPA claim, moreover, is an impermissible collateral attack on the Bankruptcy Court's final sale order.  Allowing Plaintiff's suit to go forward would work an end run around the bankruptcy process and the Bankruptcy Court's Order.

3.  Plaintiff does not allege that New BB is a successor to Old BB, but even if Plaintiff did so allege, New BB cannot be liable to Plaintiff for the acts of Old BB under any successor liability theory.  Among other things, the Bankruptcy Court expressly ordered that New BB could not be liable as a successor to Old BB.

4.  The VPPA's two-year statute of limitations also bars Plaintiff's claim.

5.  In support of its Motion to Dismiss, Defendant relies on and incorporates by reference the following:

   A.  All pleadings in this action;

   B.  The arguments and authorities set forth in Defendant's Memorandum of Law in Support of the Motion to Dismiss, filed concurrently herewith; and

   C.  The documents attached as Exhibits to the Request for Judicial Notice, filed concurrently herewith.

///

///

///

///

14662.001 1888891v2

2

WHEREFORE, Defendant BLOCKBUSTER L.L.C. requests that the Court dismiss Plaintiff's Class Action Complaint with prejudice.

DATED: November 7, 2011         BARNES & THORNBURG LLP


By: *s/Annamarie A. Daley*
Annamarie A. Daley
BARNES & THORNBURG LLP
225 South Sixth Street, Suite 2800
Minneapolis, MN 55402-4662
Telephone:   (612) 367-8749
Facsimile:   (612) 333-6798
Email:        annamarie.daley@btlaw.com

Richard R. Patch (CA Bar No. 88049)*
Lauren S. Kowal (CA Bar No. 224976)*
Zuzana S. Ikels (CA Bar No. 208671)*
Jeremiah J. Burke (CA Bar No. 253957)*
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone:   (415) 391-4800
Facsimile:   (415) 989-1663
Email:        ef-rrp@cpdb.com
              ef-lsk@cpdb.com
              ef-zsi@cpdb.com
              ef-jjb@cpdb.com

(*Admitted *Pro Hac Vice*)

Attorneys for Defendant
BLOCKBUSTER L.L.C.