AO450 (Rev. 5/85) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## District of Minnesota

Baseem Missaghi

V.

Blockbuster LLC

**JUDGMENT IN A CIVIL CASE**

Case Number: 11-2559 JRT/JSM

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:
8. The Settlement Agreement is finally approved as fair, reasonable, adequate, just, and in compliance with all applicable requirements of the United States Constitution (including the Due Process Clause) and all other applicable laws, and in the best interest of the Settlement Class. Any objections have been considered and are hereby overruled. Accordingly, the Court directs the parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and conditions.
9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies the Settlement Class, solely for purposes of this Settlement, consisting of: All current and former "Blockbuster" members in the United States and its territories and possessions. The Settlement Class as certified satisfies all the requirements of Rule 23 and the United States Constitution, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Judgment by this reference.
10. The Court hereby finds, in part based upon the waiver of affirmative defenses by Defendant, solely with regard to this Action, that:
(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in this Action is impracticable;
(b) there are questions of law and fact common to the members of the Settlement Class;
(c) the claims of Plaintiff are typical of the claims of the Settlement Class;
(d) Plaintiff has fairly and adequately protected the interests of the Settlement Class; and
(e) Defendant has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief is appropriate respecting the Class as a whole.
11. The preliminary appointment of the following attorneys as Class Counsel is hereby confirmed:
Jay Edelson
Rafey S. Balabanian
Ari J. Scharg
Chandler R. Givens
Edelson McGuire, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
12. Settlement Class Counsel are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately represented the interests of the Settlement Class.
13. Defendant and Plaintiff are hereby ordered to comply with the terms and conditions contained in the

Settlement Agreement, which is incorporated by reference herein.

14. The Action is hereby dismissed with prejudice and without costs. This judgment has been entered without any admission by Defendant of liability or as to the merits of any of the allegations in the Complaint.

15. The Releasing parties hereby release and forever discharge the Released parties from the Released Claims, as set forth in the Settlement Agreement.

16. As soon as practicable but in no event later than thirty (30) days from the Effective Date, and continuing for a period of twenty-four (24) months, Blockbuster shall modify its privacy policy to reflect the fact that account memberships in Blockbuster are continuous unless affirmatively terminated, and will provide a process by which members who desire to terminate their relationship with Blockbuster may instruct Blockbuster to delete their personally identifiable customer information from Blockbuster's database by

the submission of a form by email or regular mail. Blockbuster shall cause this form to be made available online within thirty (30) days of the Effective Date.

17. As soon as practicable but in no event later than thirty (30) days from the Effective Date, and continuing for a period of twenty-four (24) months, Blockbuster shall state in its privacy policy that it is entitled to keep personally identifiable information for any member that returns the form described in Paragraph 16 above for a period of ninety (90) days following the member's last transaction, provided, however, that the 90-day limit shall be extended for, and only for, such further time while there exists any outstanding transaction(s) (including but not limited to outstanding video returns, payment balances, or credit card or check clearances).

18. Plaintiff, the Settlement Class, and/or Defendant may seek to enforce the provisions of the Settlement Agreement by motion to the Court pursuant to the Court's continuing jurisdiction over the Settlement Agreement as set forth in Paragraph 25 below.

19. The Court awards to Class Counsel $140,000.00 as attorneys' fees and costs.

20. The Court awards to Plaintiff $750.00, as an Incentive Award for his role as Class Representative.

21. The provisions of this Final Judgment are applicable to and binding upon and inure to the benefit of each party to the Action (including each Settlement Class Member and each of Defendant's successors and assigns).

22. To the extent permitted by law and without affecting the other provisions of this Final Judgment, this Final Judgment is intended by the parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent, or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the named Plaintiff or any Settlement Class Member or any others similarly situated in the United States with respect to the Released Claims based upon the same alleged facts at any time prior to the date of the Preliminary Approval Order.

23. The provisions of this Final Judgment are entered as a result of a voluntary agreement of the parties. The Settlement Agreement and this Final Judgment are not intended to, and shall not be construed as any admission, express or implied, of any fault, liability or wrongdoing by Defendant, or any other party or person, or of the accuracy of any of the allegations in the Complaint or Defendant's defenses.

24. Save and except as expressly set forth to the contrary in this Judgment and any judgment issued by this Court regarding Plaintiff's fee application, Plaintiff and Plaintiff's Counsel shall take nothing by their claims and each party shall bear his or its own fees, costs, and expenses in connection with this Action.

25. Jurisdiction is retained by this Court for forty (40) months following the Effective Date for the purpose of enabling any party to this Final Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the construction or carrying out of this Final Judgment and Settlement Agreement, for the modification of any of the provisions hereof, for enforcement of compliance herewith, and for the punishment of violations hereof.

26. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the

Settlement Class had never been certified (including the preservation of Defendant's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

27. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

| November 29, 2012 | RICHARD D. SLETTEN, CLERK |
|---|---|
| Date | |
| | s/A. Linner |
| | (By)      A. Linner   Deputy Clerk |